ADAM PAUL LAXALT
Nevada Attorney General
D. RANDALL GILMER
Deputy Attorney General
Nevada Bar No. 14001C
555 E. Washington Ave., Ste. 3900
Las Vegas, Nevada  89101
Telephone: (702) 486-3427
Facsimile:  (702) 486-3773
drgilmer@ag.nv.gov

*Attorneys for Defendant State of Nevada on relation of the Nevada Department of Veterans Services*

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| ESTATE OF CHARLES M. DEMOS, SR.; PAUL C. DEMOS; MARK C. DEMOS; DENISE O. DEMOS; ANDREW C. DEMOS; and CHARLES M. DEMOS, JR., individually and on behalf of all persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF NEVADA on relation of the NEVADA DEPARTMENT OF VETERANS SERVICES; DOES I-XX, individually; and ROE ENTITIES I-XXX, inclusive,<br><br>Defendants. | Case No. 2:16-cv-00324-JAD-CWH<br><br><br>**STIPULATED PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT** |

All parties, Plaintiffs, Estate of Charles M. Demos, Sr.; Paul C. Demos; Mark C. Demos; Denise O. Demos; Andrew C. Demos; and Charles M. Demos, Jr., and Defendant, State of Nevada, *ex rel.* its Nevada Department of Veterans Services, stipulate to the following terms regarding a Protective Order of confidentiality and request that the Court enter a corresponding order:

**1.    Confidential Information.** In providing or revealing discovery materials, any party ("Producing Party") may designate as "CONFIDENTIAL" all or part of any such materials that constitute trade secrets, proprietary data, marketing information, financial information, and/or similar commercially sensitive business information of the type contemplated by Rule

Office of the Attorney General
555 E. Washington Ave., Ste. 3900
Las Vegas, Nevada  89101

Office of the Attorney General
555 E. Washington Ave., Ste. 3900
Las Vegas, Nevada 89101

26(c) of the Federal Rules of Civil Procedure.  The designating party must have good faith basis, in law and in fact, to believe that the designated material is in fact confidential or that unprotected disclosures might result in economic or competitive injury.  The designated material must not be publicly known and must not be ascertainable from an inspection of publicly available documents, materials or devices.

The parties may further designate certain discovery materials of a highly confidential and/or proprietary nature as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

**2.     Designation of Confidential Information.**  If a Producing Party determines that any of its documents, things or responses produced in the course of discovery in this action should be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" and, therefore, constitute "Confidential Information," it shall advise the other party ("Receiving Party") who has received such Confidential Information of this fact, and all copies of such documents, things or responses, or portions thereof, deemed to be confidential shall be marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" at the expense of the Producing Party and treated as confidential by all parties.  With respect to a multi-page document that contains Confidential Information, the designation should be made, to the extent possible, on each page of the document.  If designation in this manner is impossible or impractical, the Producing Party may use such other method of designation as is reasonable under the circumstances.  This paragraph shall apply to all previously disclosed or produced discovery materials; such materials may be subsequently marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY," and such designation shall apply to all previously disclosed but unmarked duplicates.

**3.     Challenges to Designation**.  If any party objects to the designation of any record or thing as confidential material, that party shall promptly notify all other parties in writing within fourth-five (45) days of receipt of the confidential material.  The parties shall have a period of no longer than twenty (20) days to resolve the dispute by agreement.  If the dispute is not resolved by agreement, the designating party shall move to enforce the confidential designation ten (10) days thereafter.  The designating party shall bear the burden

**Office of the Attorney General**
555 E. Washington Ave., Ste. 3900
Las Vegas, Nevada 89101

of establishing that the materials are properly designated as confidential.   Pending such determination by the Court (or the expiration of the period in which any party may make a challenge to an adverse ruling, if later), the records and/or things shall be maintained as confidential material.

**4.   Use of Confidential Information.**   Confidential Information designated or marked as provided herein shall be used by the Receiving Party solely for the purposes of this lawsuit and shall not be disclosed to anyone other than those persons identified herein in paragraphs 6 and 7.  Confidential Information shall be handled in the manner set forth herein until such designation is removed by the Producing Party or by order of the Court. Confidential Information shall not be used by any other person granted access thereto, besides the Receiving Party, under this Stipulated Confidentiality Agreement and Protective Order ("Stipulation and Order") for any purpose outside of this lawsuit, including, but not limited to, a business or competitive purpose.  Nothing herein shall preclude the Producing Party from using its own Confidential Information.

**5.   Use of Confidential Information in Depositions.**   Any party shall have the right to use Confidential Information during depositions, provided that all persons who are present during such portions of depositions are enumerated in paragraphs 6 and 7 below. During a deposition, if the contents of a document marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" is inquired into, or if counsel for a party believes that the response to a question may result in the disclosure of Confidential Information, or whenever counsel for a party deems that the response to any question *has* resulted in the disclosure of Confidential Information, the deposition (or portions thereof) may be designated by the affected party as containing Confidential Information subject to the provisions of this Stipulation and Order.   When such designation has been made, the testimony, or the transcript of such testimony, shall be disclosed only to those parties described in paragraphs 6 and 7, and the information contained therein shall be used only as specified in this Stipulation and Order.

/ / /

Counsel for the party whose Confidential Information is involved may also request that all persons not qualified under paragraphs 6 or 7 of this Stipulation and Order to have access to the Confidential Information leave the deposition room during the confidential portion(s) of the deposition. Failure of such other persons to comply with a request to leave the deposition shall constitute substantial justification for counsel to advise the witness that the witness need not answer the question seeking the revelation of Confidential Information.

All originals and copies of the deposition transcripts that contain Confidential Information shall be prominently marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" on the cover thereof and, if and when filed with the Court, the portions of such transcript so designated shall be filed under seal. Counsel must designate portions of deposition transcripts as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" within thirty (30) days of receiving the transcripts. Designations may be made by letter to counsel of record or on the record during the deposition. Portions of deposition transcripts so designated shall be treated as Confidential Information by the parties as set forth herein; during the thirty (30) day period, the entire transcript shall be treated as confidential.

If any party challenges another party's designation of Confidential Information, the designation and challenge shall be resolved in the manner set forth in paragraph 3 above. If no confidential designations are made within the thirty (30) day period, the entire transcript shall be considered not confidential.

**6.** **Disclosure of "Confidential" Information.** Confidential Information produced pursuant to this Stipulation and Order and designated "CONFIDENTIAL" may be disclosed or made available only to the persons designated below:

a.      the Court (under seal);

b.      counsel of Record to Plaintiff and Defendants, including partners and associates who assist them in this matter, and the paralegals, clerical and secretarial staff employed by such counsel;

c.      the Named Parties to the litigation who have executed an

Office of the Attorney General
555 E. Washington Ave., Ste. 3900
Las Vegas, Nevada 89101

4

**Office of the Attorney General**
555 E. Washington Ave., Ste. 3900
Las Vegas, Nevada 89101

acknowledgement and agreement as set forth in Exhibit 1 to abide by this Order and employees, officers, directors and in-house counsel for the parties who need access to the material designated Confidential to assist counsel in the litigation, as well as secretarial and clerical personnel who work regularly with such person;

d.    court reporters and videographers;

e.    non-party experts or consultants who have executed an acknowledgment and agreement as set forth in Exhibit 1 to abide by this Order, including their secretarial and clerical personnel retained to assist counsel of record in this case who have agreed to be bound by this Order;

f.    any bona fide potential or actual witness (and any counsel of such witness), provided that counsel herein reasonably believe that the witness has relevant knowledge about the creation, distribution or maintenance of the particular Confidential Information to be disclosed, or about the facts contained therein;

g.    members of the jury in this case;

h.    employees of independent copy services, printers or illustrators, for the sole purpose of making copies of documents and exhibits to be used in this litigation;

i.    such other persons as Plaintiff and Defendants may agree upon in writing; and

j.    such other persons as the Court may order upon application of Plaintiff or Defendants.

Any person to whom Confidential Information is disclosed pursuant to subparts (b) through (f) and (h) through (j) shall be advised that the Confidential Information is being disclosed pursuant to an Order of the Court, that the information may not be disclosed to any other person not permitted to have access to the Confidential Information pursuant to this Stipulation and Order, and that any violation of this Stipulation and Order may result in the

**Office of the Attorney General**
555 E. Washington Ave., Ste. 3900
Las Vegas, Nevada 89101

1   imposition of such sanctions as the Court deems proper.

2       **7.    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY"**

3   **Information.**   Confidential Information produced pursuant to this Stipulation and Order and

4   designated "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" may be disclosed or

5   made available only to the persons designated below:

6           a.   the Court (under seal);

7           b.   counsel of Record to Plaintiff and Defendants, including partners and

8                associates who assist them in this matter, and the paralegals, clerical and

9                secretarial staff employed by such counsel;

10          c.   court reporters and videographers;

11          d.   non-party experts or consultants who have executed an acknowledgment

12               and agreement to abide by this Order, including their secretarial and clerical

13               personnel retained to assist counsel of record in this case who have agreed

14               to be bound by this Order;

15          e.   any bona fide potential or actual witness (and any counsel of such witness),

16               provided that counsel herein reasonably believe that the witness has relevant

17               knowledge about the creation, distribution or maintenance of the particular

18               Confidential material to be disclosed, or about the facts contained therein;

19          f.   members of the jury in this case;

20          g.   employees of independent copy services, printers or illustrators, for the sole

21               purpose of making copies of documents and exhibits to be used in this

22               litigation;

23          h.   such other persons as Plaintiff and Defendants may agree upon in writing;

24               and

25          i.   such other persons as the Court may order upon application of Plaintiff or

26               Defendants.

27   / / /

28   / / /

Any person to whom Confidential Information is disclosed pursuant to subparts (b) through (e) and (g) through (i) shall be advised that the Confidential Information is being disclosed pursuant to an Order of the Court, that the information may not be disclosed to any other person not permitted to have access to the Confidential Information pursuant to this Stipulation and Order, and that any violation of this Stipulation and Order may result in the imposition of such sanctions as the Court deems proper.

**8.      Filing of Confidential Information with the Court.**   Any Confidential Information that is filed with the Court by any party (including transcripts of depositions or portions thereof, documents produced in discovery, information obtained from inspection of premises or things, answers to interrogatories or requests for admissions, exhibits and all other documents that have previously been designated as containing Confidential Information, or any pleading or memorandum reproducing or containing such information) shall be filed under seal and pursuant to Local Rule IA 10-5(a):

> Unless otherwise permitted by statute, rule, or prior court order, papers filed with the court under seal must be accompanied by a motion for leave to file those documents under seal. If papers are filed under seal under prior court order, the papers must state on the first page, directly under the case number: "FILED UNDER SEAL UNDER COURT ORDER (ECF No. ___)." All papers filed under seal will remain sealed until the court either denies the motion to seal or enters an order unsealing them.

Further, pursuant to Local Rule IA 10-5(d), documents filed under seal in this case must be served in accordance with Local Rule IC 4-1(c).

In the event that any Confidential Information is used in any pretrial Court proceeding in this action, it shall not lose its confidential status throughout such use.  The party using such Confidential Information shall take all reasonable steps to maintain its confidentiality during such use, including, without limitation, requesting that the Court seal any transcript with respect to such proceeding.   Nothing in this Stipulation and Order, or designations of confidentiality hereunder, shall in any way affect the treatment of Confidential Information at the trial of this action.  Within thirty (30) days after the conclusion of discovery, the parties shall confer and, if necessary, submit appropriate motions to the Court setting forth their

7

positions as to the treatment at trial of Confidential Information.

**9.     Application to Non-Parties.**    This Stipulation and Order shall inure to the benefit of, and may be invoked and enforced by, non-parties with respect to documents and information produced by them in the course of pretrial discovery in this action and designated by them as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" in the manner provided herein.  Any non-party invoking this Stipulation and Order shall comply with, and be subject to, all applicable provisions herein.

**10.     Knowledge of Unauthorized Use or Possession.**    The Receiving Party shall immediately notify the Producing Party in writing if the Receiving Party learns of any unauthorized possession, knowledge, use or disclosure of any Confidential Information that has occurred by way of Confidential Information provided by that Producing Party.   The Receiving Party shall promptly furnish the Producing Party full details of such possession, knowledge, use or disclosure.  With respect to such unauthorized possession, knowledge use or disclosure, the Receiving Party shall assist the Producing Party in preventing its recurrence of and shall cooperate reasonably with the Producing Party in any efforts to prevent the unauthorized use or further dissemination of the Confidential Information.

**11.     Copies, Summaries or Abstracts.**    Any copies, summaries, abstracts or exact duplications of Confidential Information shall be marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" and shall be considered Confidential Information subject to the terms and conditions of this Stipulation and Order.  Attorney-client communications and attorney work product regarding Confidential Information shall not be subject to this paragraph, regardless of whether they summarize, abstract, paraphrase or otherwise reflect Confidential Information.

**12.     Information Not Confidential.**  The restrictions set forth in this Stipulation and Order shall not be construed:

(a)     to apply to information obtained by a party from any non-party to this litigation having the right to disclose such information; or

(b)     to apply to information or other materials that have been or become part

Office of the Attorney General
555 E. Washington Ave., Ste. 3900
Las Vegas, Nevada 89101

**Office of the Attorney General**
555 E. Washington Ave., Ste. 3900
Las Vegas, Nevada 89101

1   of the public domain by publication or otherwise and not due to any unauthorized act or

2   omission on the part of a Receiving Party; or

3              (c)     to apply to information or other materials that, under the law, have been

4   declared to be in the public domain.

5       **13.    No Waiver Regarding Confidential Nature of Information.**  This Stipulation

6   and Order is entered solely for the purpose of facilitating the exchange of documents and

7   information among the parties to this action without involving the Court unnecessarily in the

8   process. Nothing in this Stipulation and Order nor the production of any information or

9   document under the terms of this Stipulation and Order, nor any proceeding pursuant to this

10  Stipulation and Order, shall be deemed (i) to have the effect of an admission or waiver by

11  either party of the confidentiality or non-confidentiality of any materials; (ii) to alter the

12  confidentiality or the non-confidentiality of any such document or information; (iii) to alter any

13  existing obligation of any party or the absence thereof; or (iv) to affect in any way the

14  authenticity or admissibility of any document, testimony, or other evidence at trial.  Entry of

15  this Stipulation and Order does not preclude any party from seeking or opposing additional

16  protection for particular information.

17      **14.    Inadvertent Failure to Designate.**  The inadvertent failure of a Producing Party

18  to designate discovery materials as Confidential Information shall not be deemed, by itself, to

19  be a waiver of the party's or non-party's rights to so designate such discovery materials.

20  Immediately upon learning of any such inadvertent failure, the Producing Party shall notify all

21  receiving parties of such inadvertent failure and take such other steps as necessary to correct

22  such failure after becoming aware of it.  However, disclosure by a Receiving Party of such

23  discovery materials to any other person prior to the designation of discovery materials in

24  accordance with this paragraph shall not violate the terms of this Stipulation and Order.

25      **15.    No Waiver of Privilege.**  This Order will not prejudice the right of any party or

26  non-party to oppose production of any information on the grounds of attorney-client privilege,

27  work product privilege or any other privilege or protection provided under the law.

28  / / /

**Office of the Attorney General**
555 E. Washington Ave., Ste. 3900
Las Vegas, Nevada 89101

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**16.    Return or Destruction of Confidential Information.**  Within thirty (30) days after the conclusion of this action, including any appeal thereof, or the conclusion of any other legal proceeding (including arbitration proceedings) between any or all of the parties to this lawsuit, all documents and things, including transcripts of depositions (or appropriate portions of such transcripts), together with all copies thereof, which have been designated as Confidential Information, shall be returned to the designating party.  In lieu of returning such designated materials as provided above, counsel for the Receiving Party may certify in writing to counsel for the Producing Party that the materials have been destroyed.

**17.    Injunctive Relief Available.**  Each party acknowledges that monetary remedies are inadequate to protect each party in the case of unauthorized disclosure or use of Confidential Information and that injunctive relief shall be appropriate to protect each party's rights in the event there is any such unauthorized disclosure or use of Confidential Information.

**18.    Other Actions and Proceedings.**  If a Receiving Party is: (a) subpoenaed in another action or proceeding; (b) served with a demand in another action or proceeding in which it is a party; or (c) served with any legal process by one not a party to this Stipulation and Order, seeking discovery materials that were produced or designated as Confidential Information pursuant to this Stipulation and Order, the Receiving Party shall give prompt actual written notice by hand or facsimile transmission to counsel of record for such Producing Party within five (5) business days of receipt of such subpoena, demand or legal process or such shorter notice as may be required to provide the Producing Party with the opportunity to object to the immediate production of the requested discovery materials to the extent permitted by law.  Should the person seeking access to Confidential Information take action against the Receiving Party or anyone else covered by this Stipulation and Order to enforce such a subpoena, demand or other legal process, the Receiving Party shall respond by setting forth the existence of this Stipulation and Order.

**19.    Order Survives Termination.**  This Stipulation and Order shall survive termination of this action, and the Court shall retain jurisdiction to resolve any dispute

1   concerning the use of information disclosed hereunder.

2          Counsel for the parties are responsible for retrieving from their retained experts and

3   consultants all confidential materials and returning or destroying them, and for assuring that

4   their retained experts and consultants do not keep any copies.   In lieu of having such

5   materials returned, such counsel shall secure a written confirmation from their retained expert

6   and consultants that such materials have been destroyed.

7          IT IS SO STIPULATED:

8   Dated this___2nd___ day of September, 2016.     Dated this ___2nd___ day of September, 2016.

9   ADAM PAUL LAXALT                                JOLLEY URGA WOODBURY & LITTLE
    Attorney General
10

11

12   By:___/s/ *D. Randall Gilmer*_____      By:___/s/ *Michael R. Ernst*_____
        D. RANDALL GILMER                              MICHAEL R. ERNST, ESQ.
13      Nevada Bar No. 14001C                          Nevada Bar No. 11957
        555 E. Washington Ave., Ste. 3900              3800 Howard Hughes Parkway, #1600
        Las Vegas, Nevada 89101                        Las Vegas, Nevada 89169
14      *Attorney for Defendant*                       *Attorneys for Plaintiffs*

15

16

17          **IT IS SO ORDERED.**

18          Dated September 6, 2016

19

20

21

22                                              _____
                                                UNITED STATES MAGISTRATE JUDGE
23

24

25

26

27

28

Office of the Attorney General
555 E. Washington Ave., Ste. 3900
Las Vegas, Nevada 89101

**Office of the Attorney General**
555 E. Washington Ave., Ste. 3900
Las Vegas, Nevada 89101

## EXHIBIT A

## PROMISE OF CONFIDENTIALITY

State of _____   )
                         ) ss.
County of _____   )

       1.     My name is _____.

I live at _____.

I am employed as _____ by _____.

       2.     I am aware that a Protective Order has been entered in the lawsuit styled *ESTATE OF CHARLES M. DEMOS, SR.; PAUL C. DEMOS; MARK C. DEMOS; DENISE O. DEMOS; ANDREW C. DEMOS; and CHARLES M. DEMOS, JR. v. STATE OF NEVADA on relation of the NEVADA DEPARTMENT OF VETERANS SERVICES*, Case No.: 2:16-cv-00324-JAD-CWH, and a copy of that Protective Order has been given to me.

       3.     I promise that I will use the confidential material as defined under that Protective Order only in connection with assisting counsel of record for a party in the prosecution or defense of this matter.

       4.     I promise that I will not disclose or discuss such confidential material with any person other than counsel of record for the parties or members of their staff who are actively engaged in the preparation of this case.  If I am an outside expert or consultant retained by a party's counsel, I may discuss and share the materials with my employees who assist me in my work for such counsel.

       5.     I promise that I will not attempt or assist any attempt to seek permission from any other court to access the confidential material produced in this matter for use in other litigation or for any other purpose.

       6.     I understand that any use of the confidential material I obtain, in any manner contrary to the provisions of the Protective Order or this Promise of Confidentiality may subject me to sanctions by this Court, and I agree to the jurisdiction of this Court to enforce any such Order.

/ / /

Office of the Attorney General
555 E. Washington Ave., Ste. 3900
Las Vegas, Nevada  89101

7.      I expressly consent to the jurisdiction of this Court with respect to matters within the scope of the Protective Order.

8.      I understand that violating the terms of the Protective Order or this Promise of Confidentiality could result in civil sanctions levied by the Court, as well as criminal penalties under state or federal law.

9.      Within thirty (30) days of final termination of this action (the earlier of execution of a settlement agreement or entry of a judgment), I will return to counsel from whom I received the confidential material in this case, all confidential material, including all copies, notes, direct quotes, descriptions, summaries, indices, transcripts, renderings, photographs, recordings, floppy disc, compact discs, DVDs, other magnetic or electronic media, and physical or electronic reproductions of every kind thereof.   I promise that under no circumstances will I retain any originals or duplicate of any such confidential material. I assume all responsibility for returning the confidential material as set forth herein. Alternatively, I may securely destroy all such materials unless I am instructed to return them. Should I destroy the confidential material, I agree to notify counsel who provided me with such materials in writing of the destruction of the confidential information in violation of the Protective Order of confidentiality and this Promise of Confidentiality, which may subject me to sanctions.   I expressly agree to pay all reasonable attorneys' fees, costs, and expenses associated with enforcement of this paragraph in order to obtain my compliance with it, in addition to any sanctions the Court may impose.

_____
Printed Name

_____                    _____
Signature                                                                          Date

# EXHIBIT 1

## PROMISE OF CONFIDENTIALITY

# EXHIBIT 1

**EXHIBIT A**

**PROMISE OF CONFIDENTIALITY**

State of _____ )

                            ) ss.

County of _____ )

     1.    My name is _____.

I live at _____.

I am employed as _____ by _____.

     2.    I am aware that a Protective Order has been entered in the lawsuit styled *ESTATE OF CHARLES M. DEMOS, SR.; PAUL C. DEMOS; MARK C. DEMOS; DENISE O. DEMOS; ANDREW C. DEMOS; and CHARLES M. DEMOS, JR. v. STATE OF NEVADA on relation of the NEVADA DEPARTMENT OF VETERANS SERVICES*, Case No.: 2:16-cv-00324-JAD-CWH, and a copy of that Protective Order has been given to me.

     3.    I promise that I will use the confidential material as defined under that Protective Order only in connection with assisting counsel of record for a party in the prosecution or defense of this matter.

     4.    I promise that I will not disclose or discuss such confidential material with any person other than counsel of record for the parties or members of their staff who are actively engaged in the preparation of this case.  If I am an outside expert or consultant retained by a party's counsel, I may discuss and share the materials with my employees who assist me in my work for such counsel.

     5.    I promise that I will not attempt or assist any attempt to seek permission from any other court to access the confidential material produced in this matter for use in other litigation or for any other purpose.

     6.    I understand that any use of the confidential material I obtain, in any manner contrary to the provisions of the Protective Order or this Promise of Confidentiality may subject me to sanctions by this Court, and I agree to the jurisdiction of this Court to enforce any such Order.

/ / /

Office of the Attorney General
555 E. Washington Ave., Ste. 3900
Las Vegas, Nevada 89101

7.    I expressly consent to the jurisdiction of this Court with respect to matters within the scope of the Protective Order.

8.    I understand that violating the terms of the Protective Order or this Promise of Confidentiality could result in civil sanctions levied by the Court, as well as criminal penalties under state or federal law.

9.    Within thirty (30) days of final termination of this action (the earlier of execution of a settlement agreement or entry of a judgment), I will return to counsel from whom I received the confidential material in this case, all confidential material, including all copies, notes, direct quotes, descriptions, summaries, indices, transcripts, renderings, photographs, recordings, floppy disc, compact discs, DVDs, other magnetic or electronic media, and physical or electronic reproductions of every kind thereof.   I promise that under no circumstances will I retain any originals or duplicate of any such confidential material. I assume all responsibility for returning the confidential material as set forth herein. Alternatively, I may securely destroy all such materials unless I am instructed to return them. Should I destroy the confidential material, I agree to notify counsel who provided me with such materials in writing of the destruction of the confidential information in violation of the Protective Order of confidentiality and this Promise of Confidentiality, which may subject me to sanctions.   I expressly agree to pay all reasonable attorneys' fees, costs, and expenses associated with enforcement of this paragraph in order to obtain my compliance with it, in addition to any sanctions the Court may impose.

_____
Printed Name

_____              _____
Signature                                                                            Date

**Office of the Attorney General**
555 E. Washington Ave., Ste. 3900
Las Vegas, Nevada 89101