UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Estate of Charles M. Demos, Sr., et al.,

    Plaintiffs

v.

State of Nevada, et al.,

    Defendants

2:16-cv-00324-JAD-CWH

**Order Denying Motions without Prejudice and Remanding Case**

[ECF Nos. 20, 21]

    Defendant removed this wrongful-death action to federal court based on federal-question jurisdiction. I dismissed without prejudice and with leave to amend several claims in plaintiffs' original complaint, including their sole federal-law claim on which removal was based. Plaintiffs' amended complaint alleges only state-law claims, and defendant moves to stay and compel arbitration or, alternatively, to dismiss all claims under FRCP 12(b)(6). Because plaintiffs' amended complaint includes only state-law claims and these claims raise novel and complex issues of state law, I decline to continue to exercise supplemental jurisdiction over them. I therefore deny without prejudice the defendant's motions and remand this case back to the Eighth Judicial District Court.

**Background**

    Paul C. Demos sues individually and as the heir and special administrator of the estate of his father Charles M. Demos, Sr., who died in April 2015 after contracting Legionnaires' Disease while residing at the Nevada State Veteran's Home. Paul, along with Charles Sr.'s other children, Andrew, Charles Jr., Denise, and Mark Demos, bring this putative class action against the State of Nevada on relation of the Nevada Department of Veterans Services (NDVS), which operates the VA facility. The NDVS moves to stay this case and compel arbitration or, alternatively, to dismiss all claims under FRCP 12(b)(6).

Plaintiffs originally sued the NDVS and former NDVS Administrator Mark McBride in Nevada's Eighth Judicial District Court.[1] The defendants removed the action to this court, invoking federal-question jurisdiction based on the § 1983 claim against McBride, and then filed a motion to dismiss five of plaintiffs' eight claims under FRCP 12(b)(6).[2] I dismissed without prejudice and with leave to amend plaintiffs' state-law claims for negligent infliction of emotional distress (NIED), intentional infliction of emotional distress (IIED), negligent hiring, training, and supervision, breach of contract (to the extent it was brought by plaintiffs as third-party beneficiaries), and plaintiffs' sole federal-law § 1983 claim (plead against McBride only), leaving intact only plaintiffs' claims for negligence, wrongful death, and breach of contract (on behalf of Charles Sr.'s estate).[3] Plaintiffs timely filed a second-amended complaint, dropping McBride as a defendant and the § 1983 claim against him, and asserting eight state-law claims for relief: (1) negligence, (2) wrongful death, (3) elder abuse, (4) NIED, (5) IIED, (6) negligent hiring, training, and supervision, (7) breach of contract, and (8) declaratory and injunctive relief.[4]

**Discussion**

**A.    Supplemental jurisdiction**

Plaintiffs' amended complaint includes only state-law claims that are proceeding in this court based on supplemental jurisdiction. Supplemental jurisdiction is a doctrine of discretion, not of right. The court may decline to exercise supplemental jurisdiction over a state-law claim if "(1) the claim raises a novel or complex issue of State law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, there

---

[1] ECF No. 1.

[2] ECF No. 4.

[3] ECF No. 18 (Minutes).

[4] As plead, these are requests for remedies, not separate causes of action.

are other compelling reasons for declining jurisdiction."[5]

**B.     I decline to continue exercising supplemental jurisdiction over plaintiffs' state-law claims.**

There are no federal claims pending before me, and plaintiffs' remaining claims implicate complex issues of state law. As a threshold issue, plaintiffs' claims require interpretation of the arbitration agreement under Nevada state contract-law principles to determine whether and to what extent these claims are subject to arbitration. Plaintiffs' claims also hinge on whether and to what extent the NDVS owed Charles Sr. a duty to take proactive measures to detect and prevent the proliferation of Legionella in the VA facility's water system. Because the discovery of Legionella–and thus Legionella-related litigation—is relatively recent, caselaw addressing whether and to what extent state law imposes such a duty is sparse, and the Nevada Supreme Court has not yet weighed in on the issue. Plaintiffs' claims also require resolution of state-law immunity issues, including the application of NRS §§ 41.032 and 41.033 to the facts of this case. Accordingly, I find that 28 U.S.C. § 1367(c) authorizes me to decline to continue to exercise supplemental jurisdiction over plaintiffs' remaining claims.

My decision to decline to continue to exercise supplemental jurisdiction over state-law claims is also informed by the values of judicial economy, convenience, fairness, and comity.[6] The Supreme Court has stated that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims."[7] These interests also compel me to decline to continue to exercise supplemental jurisdiction here. This case involves only state-law claims against the State of Nevada on relation of the NDVS. And although this court could likely adjudicate the merits of plaintiffs' claims and resolve the arbitration issue on equal footing with the state court, interpretation and application of Nevada's immunity statutes are better left to the state court. The court and the parties

---

[5] 28 U.S.C. § 1367(c).

[6] *Acri v. Varian Assocs*, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc).

[7] *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

have not yet committed too great resources to litigating this case in federal court such that remand would be wasteful. Though the NDVS's motions have been fully briefed for seven months—an unfortunate consequence of this district's heavily backlogged docket—discovery has not yet been completed, and class certification has not yet been briefed. The parties should be able to use all the work and expense that they have invested in this forum to complete the litigation of these state-law claims in the Eighth Judicial District Court, where this case began and they will be free to raise the same dismissal and arbitration arguments and counterarguments and the same discovery will be relevant.

Because plaintiffs allege only state-law claims that raise complex and novel issues of state law against a state entity, and economy, convenience, fairness, and comity favor remand, I deny the NDVS's pending motions without prejudice and remand this case back to Nevada's Eighth Judicial District Court under 28 U.S.C. § 1367(c).

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that the motions to compel arbitration and dismiss **[ECF Nos. 20, 21] are DENIED without prejudice.**

IT IS FURTHER ORDERED that this case is **REMANDED to the Eighth Judicial District Court, Case No. A-15-729205-C, for all further proceedings. The Clerk of Court is instructed to close this case.**

Dated this 28th day of February, 2017.

_____
Jennifer A. Dorsey
United States District Judge